IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DARRIN ROTH and<br>GERALYN M. ROTH,<br><br>Plaintiffs,<br><br>UNITED HEALTHCARE INSURANCE<br>COMPANY<br><br>THE TRAVELERS INDEMNITY COMPANY<br>OF AMERICA<br><br>Involuntary Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, DELTA AIR LINES, INC. (hereinafter "Delta"), hereby removes the above-captioned action from the Milwaukee County Circuit Court, Case No. 26CV007113, to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446.

**I. Statement of Grounds for Removal**

1. This removal is based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(a).

**II. Papers from the Removed Action**

2. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders from the state court action – as of the date of this pleading – are attached hereto as **Exhibit A** and incorporated herein for all purposes.

3. Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice of Removal with this Court, Delta will serve a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Milwaukee County Circuit Court.

4. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Delta, as the sole Defendant in this matter, has, through its attorneys, signed this Notice of Removal.

5. By filing this Notice of Removal, Delta does not waive any jurisdictional or other defenses that might be available to it. In addition, Delta expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims, and reserves the right to amend or supplement this Notice of Removal.

**III. Timeliness and Venue**

6. The papers contained in **Exhibit A** reflect that Plaintiffs filed their original Complaint in Milwaukee County Circuit Court on July 31, 2026, and caused same to be served on Delta's registered agent on August 14, 2026. This Notice of Removal is filed less than one year after commencement of the action and is therefore not barred by 28 USC § 1446(c)(1).

7. On September 24, 2026, Plaintiff confirmed by email that the amount in controversy exceeds $75,000. A true and correct copy of Plaintiff's email confirming the amount in controversy is attached hereto as **Exhibit B**.

8. As set forth below, Delta is timely filing this Notice of Removal within thirty (30) days of the receipt of Plaintiff's Counsel's confirmation of the amount in controversy as "other paper" from which it was first ascertained that the case is removable. 28 U.S.C. § 1446(b)(3). The Complaint did not affirmatively and unambiguously state an amount in controversy exceeding $75,000, so the thirty-day period under § 1446(b)(1) was not triggered by service of the Complaint;

rather, the removal clock began only upon Plaintiffs' counsel's specific and unequivocal September 24, 2026 statement. *See Walker v. Trailer Transit, Inc.,* 727 F.3d 819, 824–25 (7th Cir. 2013). Thirty days from September 24, 2026 is October 24, 2026.

9. The United States District Court for the Eastern District of Wisconsin, is the federal district court for the district embracing the Circuit Court of Milwaukee County, State of Wisconsin, where the original action was filed. Thus, venue and removal to this Court are proper under 28 U.S.C. § 1441(a).

**IV. Parties**

10. Plaintiff, DARRIN W. ROTH, alleges that he is a citizen of Wisconsin. *See* Exhibit A

Plaintiff's Complaint, ¶ 1.

11. Plaintiff, GERALYN M. ROTH, alleges that she is a citizen of Wisconsin. *See* Exhibit A

Plaintiff's Complaint, ¶ 2.

12. Involuntary Plaintiff, UNITEDHEALTHCARE INSURANCE COMPANY, is a foreign insurance company with a Wisconsin Registered Agent, that may have paid medical expenses on behalf of Darrin W. Roth. *See* Exhibit A Plaintiffs' Complaint, ¶ 3. The citizenship of Involuntary Plaintiff, UNITEDHEALTHCARE INSURANCE COMPANY does not alter the diversity requirements of 28 USC § 1441(b).

13. Involuntary Plaintiff, TRAVELERS INSURANCE COMPANY, is a foreign insurance company with a Wisconsin Registered Agent, that may have paid medical expenses on behalf of Darrin W. Roth. *See* Exhibit A Plaintiffs' Complaint, ¶ 4. The citizenship of Involuntary

Plaintiff, UNITEDHEALTHCARE INSURANCE COMPANY does not alter the diversity requirements of 28 USC § 1441(b).

14. Diversity jurisdiction is determined by the citizenship of the real and substantial parties to the controversy, rather than nominal or formal parties. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 461 (1980). Accordingly, where involuntary plaintiffs are merely nominal parties, their citizenship need not be considered in determining whether complete diversity exists. *See State Auto Ins. Cos. V. Whirlpool Corp.*, 62 F.Supp. 3d 857, 860–61 (W.D. Wis. 2014).

15. Delta is incorporated in Delaware and has its headquarters in Georgia.

16. Upon information and belief, Travelers Indemnity Company of America is incorporated in Connecticut and has its principal place in Connecticut; it is therefore not a citizen of Delaware or Georgia.

17. Upon information and belief, UnitedHealthcare Insurance Company is incorporated in Connecticut and has its principal place of business in Connecticut; it is therefore not a citizen of Delaware or Georgia.

**V. Grounds for Removal**

18. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending."

19. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

20. Here, removal is proper because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441.

**A. Diversity of Citizenship**

21. Citizenship for purposes of § 1332 means domicile, or where one intends to remain. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

22. Both Plaintiffs, DARRIN W. ROTH and GERALYN M. ROTH, allege that they are citizens of Wisconsin and reside in Bayside, Wisconsin. *See* Exhibit A, Plaintiffs' Complaint, ¶¶ 1-2.

23. For diversity purposes, "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state of foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

24. Delta is incorporated in Delaware and has its headquarters in Georgia.

25. Because Plaintiffs are citizens of Wisconsin and Delta is a citizen of Delaware and Georgia, the parties are completely diverse under 28 U.S.C. § 1332(a)(1) and (c)(1). Further, because Delta is not a citizen of Wisconsin, the forum-defendant rule of 28 U.S.C. § 1441(b)(2) does not bar removal.

**B. Amount in Controversy**

26. Although Plaintiff's Complaint does not specify the purported amount of damages at issue, pursuant to 1446(b)(3), a defendant may remove an action upon receipt of "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Additionally, the court may consider other documents within the record if the amount in controversy is not ascertainable from the pleading itself. 28 U.S.C. § 1446(c)(3)(A).

27. Upon receipt of confirmation request, Plaintiff's email correspondence confirmed the amount in controversy in this matter exceeds $75,000. *See* Exhibit B.

28. Accordingly, the amount in controversy requirement is satisfied and this Court has jurisdiction pursuant to 28 U.S.C. §§1332 and 1441.

**VI. Conclusion**

29. As demonstrated above, Delta established that removal is proper based on diversity jurisdiction. Accordingly, removal of this matter is proper.

30. The United States District Court for the Eastern District of Wisconsin is the federal court embracing the Circuit Court of Milwaukee County in Milwaukee, Wisconsin, which is the place where the original action was filed. Thus, venue and removal to this Court are proper under 28 U.S.C. §1446(a).

31. Pursuant to 28 U.S.C. § 1446(b) and (d), Delta will serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Circuit Court of Milwaukee County in Milwaukee, Wisconsin.

WHEREFORE, Defendant, DELTA AIR LINES, INC., hereby removes this action from the Circuit Court of Milwaukee County Wisconsin to the United States District Court for the Eastern District of Wisconsin.

Dated: October 19, 2026

Respectfully submitted,

**HINSHAW & CULBERTSON LLP**

Kristin A. Hoffman

______________________________________

Michael G. McQuillen
mmcquillen@hinshawlaw.com
Robert A. Braun (1026352)
rbraun@hinshawlaw.com
Kristin A. Hoffman (1090811)
khoffman@hinshawlaw.com
151 North Franklin Street
Suite 2500
Chicago, IL 60606
312-704-3000

and

Tomislav Z. Kuzmanovic (bar no)
*tkuzmanovic@hinshawlaw.com*
Hinshaw & Culbertson, LLP
790 North Water Street, Suite 1950
Milwaukee, WI 53202
414-225-4816

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2026, I caused the foregoing to be electronically filed with the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, using the CM/ECF system, and served a copy of the foregoing on the below counsel via e-mail on October 19, 2026.

Kristin A. Hoffman

Kristin A. Hoffman

**Counsel for Plaintiff**

Thadd Llaurado
Kate Llaurado Scheidt
Murphy & Prachthauser
330 E Kilbourn Ave, #1200
Milwaukee, Wisconsin 53202
Phone: (414) 271-1011
tllaurado@murphyprachthauser.com